Contracts; Wunderlich Act review; scope of judicial review; counterclaim; applicability of S & E Contractors, Inc. v. United States, 406 U.S. 1 (1972).—This action arose out of a contract with the Agency for International Development to provide certain architectural and engineering services, primarily tihe review of existing plans and specifications and the supervision of the construction of school buildings in *868 Panama. On March 7, 1975 the court issued the following order:
Before coweN, Chief Judge, davis and skeltoN, Judges.
“This case involves a review of an ASBCA decision [reported at 73-1 BCA para. 10016] under the Wunderlich Act of a contract case. The plaintiff states that the four issues before the Board were:
“1. Does Article II (E) of Contract No. AID/la-2 (the “Contract”), limit reimbursement of costs to Norman M. Giller & Associates (“the Contractor”) to $857,382.37 (“the Ceiling Amount”) ?
“2. Are the percentage limitations on indirect costs set in Article III(c) (a) (1) and (2) (“Overhead ' Clause”) absolute maximum rates ?
“3. If issues (1) and (2) are answered in the negative, are certain indirect costs amounting to $79,685 and actually incurred and paid by the Contractor reimbursable?
“4. If the answers to issues (1) and (2) above are in the negative (and without regard to the answer in issue (3) above), are certain constructive salaries for Mr. and Mrs. Giller, the sole proprietors of the Contractor, (never actually paid by the Contractor to them) reimbursable costs under the contract?
“The Board decided the first two issues in the negative (in favor of plaintiff) and the third issue in the affirmative (in favor of plaintiff) and awarded plaintiff $79,685 as indirect costs, but decided the fourth issue in the negative (against the plaintiff) and denied recovery to plaintiff thereon. The plaintiff appealed to this court only on the fourth issue and accepted the decision of the Board on the first three. The defendant has filed a counterclaim for the recovery of the $79,685 awarded to the plaintiff by the Board under the third issue. The plaintiff has moved to dismiss defendant’s counterclaim on the basis of S & E Contractors, Inc. v. United States, 406 U.S. 1 (1972) and Roscoe-Ajax Construction Co. v. United States, 204 Ct. Cl. 726, 499 F. 2d 639 (1974), claiming that the third and fourth issues are separate and unrelated to each other, and that the acceptance by plaintiff of the award of the Board of $79,685 *869 in satisfaction of the third claim prevents defendant from litigating it here because of the doctrine of S & E Contractors, Inc., supra. The case is before us on plaintiff’s said motion to dismiss defendant’s counterclaim.
“The court concludes that plaintiff’s claim for $79,685 as indirect costs under the third issue is only a part of the overhead or indirect costs and that the claim of plaintiff for constructive salaries under the fourth issue is also a claim for overhead or indirect costs comparable to rent, depreciation, automobile expenses, utility bills, etc., and are not separable. When the plaintiff appealed to this court to set aside that part of the Board’s award denying it a recovery of overhead or indirect costs for constructive salaries, the defendant was entitled to appeal that part of the Board’s decision awarding $79,685 to plaintiff for ‘other overhead or indirect costs.’ When the plaintiff brings a part of a single dispute to this court, the defendant has a right to litigate the other part. However, in prosecuting its counterclaim, the defendant will not be allowed to litigate the first and second issues listed above.
“Accordingly, plaintiff’s motion to dismiss defendant’s counterclaim is denied. See S & E Contractors, Inc. v. United States, supra, and Boscoe-Ajax Construction Co. v. United States, supra. The case is remanded to the trial judge for further appropriate proceedings.”